```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL SCOTT                        :      CIVIL ACTION
                                   :
          v.                       :
                                   :
R.M. LAWLER                        :      NO. 08-1867
```

MEMORANDUM AND ORDER

McLaughlin, J.                                        May 15, 2008

      On April 21, 2008, the petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). He alleges that his state conviction was obtained by fraud. The petitioner previously filed a habeas petition, Case No. 00-2155. The district court dismissed that petition as time-barred on May 29, 2001. The petitioner appealed, and the Court of Appeals declined to grant a certificate of appealability and affirmed the district court on February 14, 2003.

      The petitioner's 60(b)(3) motion argues that his original state conviction was obtained in an unconstitutional manner. Primarily, he alleges that there was no probable cause to arrest him and that certain records were falsified and/or misplaced. These are different arguments than the petitioner made in his previous habeas petition. He does not attack the process by which the district court handled his previous habeas petition.

      The petitioner states in his brief that he brought these new claims in state court on June 21, 2005. According to

the brief, the state trial court judge dismissed the petition as untimely on January 19, 2006.  The Superior Court of Pennsylvania affirmed on November 29, 2006, and allocatur was denied on April 16, 2007.  The petitioner filed a habeas petition with the United States Court of Appeals for the Third Circuit, which that court denied on November 1, 2007.[1]

The petitioner seeks relief from the judgment under Rule 60(b)(3), which provides for relief where "fraud, misrepresentation, or other misconduct of an adverse party" has occurred.  Fed. R. Civ. P. 60(b)(3).  The United States Court of Appeals for the Third Circuit held in Pridgen v. Shannon that "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."  380 F.3d 721, 727 (3d Cir. 2004); see also  Gonzalez v. Crosby, 545 U.S. 524, 532, 538 (2005).

The petitioner has not alleged fraud in the manner in which the earlier habeas judgment was procured.

---

[1]  The Court has not been able to confirm that these filings occurred on these dates, but the result is unaffected by whether or not the petitioner filed first in state court.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.  28 U.S.C. § 2244(b)(1).  A petitioner seeking to file a second or successive petition that contains a new claim must move in the appropriate court of appeals for an order directing the district court to consider the application.  Without such an order, the district court lacks subject matter jurisdiction and the petition will be dismissed without prejudice.  Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); Felker v. Turpin, 518 U.S. 651, 657 (1996); Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005).

The petitioner makes new constitutional arguments about why his state conviction should be invalidated.  This is a successive habeas petition.  Because the petitioner has not been authorized by the United States Court of Appeals for the Third Circuit to file a successive petition, this Court lacks jurisdiction.

Even if the Court considered the petitioner's Rule 60(b) petition on the merits, he has provided no evidence of fraud.  The petitioner asserts that fraud occurred when the prosecutor "orchestrated" perjury by one of the officers involved in the petitioner's arrest and illegally suppressed or misplaced certain court documents. Pet. Mot. 5-8.  There is no factual

support to the petitioner's contention that the state or federal habeas court was misled by fraud or misrepresentation.  For the foregoing reasons, petitioner's motions are denied.

      An appropriate order follows.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL SCOTT                    :      CIVIL ACTION
                               :
       v.                      :
                               :
R.M. LAWLER                    :      NO. 08-1867
```

ORDER

AND NOW, this 15th day of May, 2008, upon consideration of the petitioner's motion for relief under Fed. R. Civ. P. 60(b) (Docket No. 1), for the reasons stated in the accompanying memorandum, it is hereby ORDERED that the motion is DENIED. This case is closed.

```
                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              Mary A. McLaughlin, J.
```